IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| GEORGE ALLEN COLE, | CASE NO. 1:22-CV-01228 |
| Petitioner, | JUDGE JEFFREY J. HELMICK |
| vs. | |
| WARDEN KENNETH BLACK, | MAGISTRATE JUDGE AMANDA M. KNAPP |
| Respondent. | INTERIM REPORT AND RECOMMENDATION[1] |

On May 27, 2022, Petitioner George Allen Cole ("Mr. Cole" or "Petitioner") filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, asserting five grounds for relief and challenging his 38-year aggregate sentence and convictions for drug possession, endangering children, forgery, and multiple counts criminal damaging, theft, and burglary.[2] (ECF Doc. 1 ("Petition").) Respondent filed his Return of Writ on January 17, 2023. (ECF Doc. 13.) On February 8, 2023, Mr. Cole filed a motion for a ninety-day extension of time to file his Traverse (ECF Doc. 8) and a motion for stay and abeyance of petition pending relief in state court (ECF Doc. 9 ("Motion to Stay")). Respondent filed an opposition to the Motion to Stay on February 10, 2023. (ECF Doc. 10.) After being granted an extension of time to file his Traverse, Petitioner filed his Traverse on March 24, 2023. (ECF Doc. 11.)

---

[1] This Interim Report and Recommendation relates to the Motion to Stay (ECF Doc. 9).

[2] "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)). The Petition was docketed on July 5, 2022. (ECF Doc. 1.)

1

The Motion for Stay is fully briefed and ripe for review. The undersigned hereby submits this Report and Recommendation, recommending that the Court **DENY** the Motion for Stay.

### I. Petitioner's Motion to Stay

In his fourth ground for relief, Mr. Cole challenges the sentence imposed by the trial court. (ECF Doc. 1, p. 5.) He asserts that:

> The trial court [a]bused its [d]iscretion by imposing a prison sentence contrary to R.C. 2929.14 and the purpose and principles of felony sentencing guidelines and erred by imposing consecutive sentences. The excessive sentence subjects Petitioner to Cruel and Unusual Punishment as defined in the U.S. Constitution.

(*Id.*) Mr. Cole requests a "stay in abeyance" so he may return to state court to seek relief regarding his sentence. (ECF Doc. 9.) He states that the Supreme Court of Ohio recently issued two decisions relating to consecutive sentences, which he contends "may provide relief as to the extreme disproportionality of [his] sentence." (*Id.* at p. 1.) He acknowledges that the issue he raises is "not the common grounds for a stay and abeyance," but asserts that allowing him to return to state court on the sentence issue will conserve judicial resources because this Court will not need to resolve the claim raised in his fourth habeas ground for relief if he is successful. (*Id.*)

Respondent opposes the Motion to Stay, arguing that a stay and abeyance is not warranted because Mr. Cole's consecutive sentence claim was litigated in state court as part of his direct appeal, and because further litigation of that claim in state court is barred by the doctrine of res judicata. (ECF Doc. 10.) Respondent observes that Mr. Cole is "not asking for a stay and abeyance based on his unexhausted Fifth habeas ground." (*Id.* at p. 2.) Instead, "[h]e is asking for a stay based on new case law regarding consecutive sentences, which is his Fourth habeas ground," and "wants another bite at the apple in state court although he has exhausted the sentencing issue." (*Id.* at pp. 2-3.) Mr. Cole did not file a reply to Respondent's opposition.

2

## II. Law and Analysis

A state prisoner with federal constitutional claims must fairly present them in state court before raising them in a federal habeas corpus action. 28 U.S.C. § 2254(b)(1)(A); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). Even where a habeas petitioner presents a "mixed petition" containing both exhausted and unexhausted claims, comity requires that state courts be given the first opportunity to review the unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

If a mixed petition is dismissed while a petitioner pursues unexhausted claims in state court, however, there is a concern that any exhausted claims will become time-barred under the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). That is why the Supreme Court clarified in *Rhines v. Weber*, 544 U.S. 269 (2005), that a district court with a "mixed petition" may stay the case and permit the petitioner to present his unexhausted claims to the state court before the federal court undertakes review of the petition. *See Rhines*, 544 U.S. at 277.

A "stay and abeyance" is available where the district court determines that: (1) there was good cause for the petitioner's failure to exhaust the relevant claims first in state court; (2) the unexhausted claims are not plainly meritless; and (3) the petitioner has not engaged in abusive litigation tactics or intentional delay. *Id.* The Court cautioned that stay and abeyance should be used sparingly because frequent use could undermine AEDPA's goals of "'reduc[ing] delays in the execution of state and federal criminal sentences'" and streamlining federal habeas proceedings by encouraging petitioners to seek relief first from the state courts. *Id.* at 276-77 (quoting *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)).

3

In this case, the *Rhines* analysis must fail at the first step. Mr. Cole has not attempted to show "good cause" for his failure to exhaust the consecutive sentencing claim in his fourth ground for relief, presumably because neither he nor Respondent contend that the claim in Ground Four is unexhausted. Indeed, the record reflects that Mr. Cole has presented his arguments regarding consecutive sentencing to the state courts on multiple occasions, and that the state courts considered and rejected those claims in each instance.

First, Mr. Cole asserted two assignments of error challenging his 48-year prison sentence as excessive and contrary to law in a September 28, 2015 direct appeal to the Ohio Eighth District Court of Appeals. (ECF Doc. 7-1, pp. 96, 119-28.) The court of appeals overruled those two assignments of error on May 12, 2016, except for a finding that the trial court had made a clerical mistake by failing to incorporate its consecutive sentence findings into the sentencing entries, which the court was permitted to correct through nunc pro tunc entries. (*Id.* at pp. 192-201.) In that same decision, however, the court reversed the trial court on an unrelated assignment of error, finding the State failed to present sufficient evidence to support convictions on two counts of burglary under R.C. 2911.12(A)(2), but that the evidence supported a finding of guilty on the lesser included offense of burglary under R.C. 2911.12(A)(3). (*Id.* at pp. 176-82.) The court of appeals therefore modified the trial court's judgment as to the two burglary counts and remanded the case to the trial court with instructions to resentence Mr. Cole on those two counts. (*Id.* at pp. 201-02, 435.)

Second, Mr. Cole filed a memorandum in support of jurisdiction with the Supreme Court of Ohio on June 17, 2016, in which he challenged the court of appeals' decision and continued to assert the same two assignments of error challenging his sentence. (*Id.* at pp. 203, 206, 219-22.) The Supreme Court of Ohio declined jurisdiction on October 5, 2016. (*Id.* at p. 262.)

Third, after the trial court resentenced Mr. Cole to an aggregate term of 38 years pursuant to the court of appeals' remand order (*id*. at pp. 413, 437-38), Mr. Cole filed a direct appeal of his resentencing on June 13, 2018, again arguing that the trial court erred in imposing consecutive sentences (*id*. at pp. 406-20, 433). In a July 11, 2019 decision, the court of appeals found no merit to Mr. Cole's appeal and affirmed his sentence. (*Id*. at pp. 433-42.) The court of appeals concluded that the trial court had not erred in imposing consecutive sentences on the two burglary counts upon which Mr. Cole had been resentenced, which accounted for 72 months of Mr. Cole's total sentence. (*Id*. at pp. 438-39.) The court of appeals also noted that Mr. Cole's arguments on appeal all pertained to his total sentence of 38 years, specifically that: his sentence was "disproportionate to his conduct because he was merely the 'getaway driver' and 'lookout' for the burglaries and did not actually enter the homes to commit the burglaries"; his sentence was "'unduly harsh' when compared to the sentences his codefendants received, and 'against the sentencing guidelines'"; and he was "'punished for exercising his constitutional right' to go to trial." (*Id*. (internal marks omitted).) Because Mr. Cole "raise[d] the same issues [the] court previously considered and rejected in his direct appeal," the court of appeals concluded and explained that "they [were] barred by the doctrine of res judicata." (*Id*. at pp. 440-41.) The court further explained that its "limited remand did not affect the finality of [the] court's holding that the trial court properly imposed consecutive sentences nor did it open the issue of consecutive sentences to further review after resentencing." (*Id*. at p. 441.)

Returning to the factors to be considered in granting a stay and abeyance under *Rhines*, the record reveals that Mr. Cole challenged his consecutive sentences on direct appeal and with the Supreme Court of Ohio, and that a second attempt to challenge his consecutive sentences following resentencing was found to be impermissible under the doctrine of res judicata. The

5

Case: 1:22-cv-01228-JJH Doc #: 12 Filed: 07/21/23 6 of 7. PageID #: 1884

*Rhines* standard does not apply in this case because Mr. Cole has failed to demonstrate that he is seeking to challenge an unexhausted claim, let alone a claim for which "good cause" excuses his failure to exhaust. *See* 544 U.S. at 277.

It is observed that district courts do retain equitable authority to stay proceedings where a stay is not specifically available under the *Rhines* standard. *See, e.g., Clinton v. Jones*, 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997) (noting a district court has "broad discretion to stay proceedings as an incident to its power to control its own docket"); *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936) (noting that the power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket"); *see also Rhines*, 544 U.S. at 276 (noting AEDPA did not deprive courts of their authority to stay cases).

Nevertheless, Mr. Cole's sparse briefing fails to demonstrate that this case warrants the use of such discretion. He requests a stay "while he seeks relief in State-court in regards to his sentence" (ECF Doc. 9, p. 1), but does not indicate where or through what avenue he intends to seek further relief in state court. Given the evidence of record suggesting that Mr. Cole's challenge to his consecutive sentences has been exhausted and that the court of appeals' ruling on the issue has a res judicata effect, this failing is a significant one. Because Mr. Cole has not explained how he would return to state court, why res judicata would not preclude that return, or what (if any) additional grounds for federal habeas relief he would seek following that return, the undersigned concludes that Mr. Cole has failed to show that a stay and abeyance may be appropriately granted in this case.

6

Given the foregoing, the undersigned concludes that Mr. Cole has not established a basis for granting a stay and abeyance. Accordingly, the undersigned recommends that the Court **DENY** Mr. Cole's Motion to Stay (ECF Doc. 9).

July 21, 2023                                        *s/ Amanda M. Knapp*
                                                               AMANDA M. KNAPP
                                                               UNITED STATES MAGISTRATE JUDGE

## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).